WILLIAM F. WALL *vs.* REGISTRAR OF MOTOR VEHICLES & others.

Middlesex.    March 3, 1952. — May 29, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Motor Vehicle,* License to operate. *Registry of Motor Vehicles. Certiorari. Practice, Civil,* Parties.

It was improper to join the registrar of motor vehicles as a respondent in a petition for a writ of certiorari to quash an order by the board of appeal made on an appeal under G. L. (Ter. Ed.) c. 90, § 28, as appearing in St. 1950, c. 536, and affirming a decision by the registrar denying a reissuance of a license to operate motor vehicles after he had suspended the license.  [72]

The return in a certiorari proceeding should not be in the form of an answer but should state the proceeding sought to be reviewed.  [72]

The facts stated in a notice given by the registrar of motor vehicles to the holder of a license to operate motor vehicles, that the registrar was suspending the license because "it has been reported officially to me that you operated a motor vehicle after drinking intoxicating liquor" on a specified date, did not suffice to give the registrar "reason to believe" that the licensee was "operating improperly" on that date and therefore did not justify the registrar in suspending the li-

cense for that cause without a hearing under G. L. (Ter. Ed.) c. 90, § 22, as amended by St. 1933, c. 191, and St. 1941, c. 312.

In a certiorari proceeding to test the propriety of a decision made on an appeal under G. L. (Ter. Ed.) c. 90, § 28, as appearing in St. 1950, c. 536, and affirming a refusal by the registrar of motor vehicles to reissue to the petitioner a license to operate motor vehicles after suspension of the license without a hearing, where it appeared that the suspension was not justified and did not appear that the refusal of the registrar to reissue the license and the affirmation of the refusal by the board of appeal were based on any evidence or reason other than that underlying the suspension, the petitioner was entitled to a judgment effecting a reissuance of his license.

PETITION, filed in the Superior Court on September 20, 1951.

The case was heard by *Morton, J.*

*George P. Lordan*, for the petitioner.

*Lenahan O'Connell*, Assistant Attorney General, for the respondent.

WILLIAMS, J. This is a petition for a writ of certiorari to quash certain orders of the registrar of motor vehicles and of the board of appeal established by G. L. (Ter. Ed.) c. 90, § 28, as appearing in St. 1950, c. 536.

The petitioner has appealed from a final judgment of the Superior Court by which the petition was dismissed "as matter of law."

The following facts were alleged in the petition. The petitioner's license to operate motor vehicles was suspended by the registrar without hearing on July 30, 1951, for the reason, as stated in the notice by the registrar to the petitioner, that "it has been reported officially to me that you operated a motor vehicle after drinking intoxicating liquor, on July 7, 1951, in Cambridge." On August 9, 1951, the petitioner applied to the registrar for a return of his license, which application was denied. "Thereafter" the petitioner appealed to the board of appeal from the action of the registrar "in denying a reissuance of his license." The appeal was heard on September 11, 1951, and on September 14, 1951, an order was entered by the board "affirming the decision of the registrar." It is prayed that a "writ of certiorari issue quashing the order of July 30, 1951, sus-

pending the petitioner's license to operate a motor vehicle upon the public ways of this Commonwealth and quashing also the order of the board of appeal affirming the order of said registrar of July 30, 1951."

The return of the respondents, which is in the form of an answer, admits the above facts as stated. It was agreed by the parties that at the hearing before the board of appeal no evidence was offered by the petitioner, his only contention being that the decision of the registrar was erroneous as matter of law.

The registrar and the members of the board of appeal should not have been joined as respondents in a single petition. The "decision on appeal supersedes the first decision . . . and constitutes the final action of the administrative agency which alone is subject to judicial review." *Marshall* v. *Registrar of Motor Vehicles*, 324 Mass. 468, 469. The return, instead of being in the form of an answer, should have stated the proceedings of which review is sought. *Byfield* v. *Newton*, 247 Mass. 46, 52. As no point, however, has been made of these informalities of procedure, we consider the case on its merits. *Byfield* v. *Newton, supra*, at page 53.

By G. L. (Ter. Ed.) c. 90, § 22, as amended by St. 1933, c. 191, and St. 1941, c. 312, the registrar is given authority to suspend a license to operate motor vehicles without a hearing "whenever he has reason to believe that the holder thereof is an improper or incompetent person to operate motor vehicles, or is operating improperly or so as to endanger the public." Such license shall not be reissued "unless, upon examination or investigation, or after a hearing, the registrar determines that the operator should again be permitted to operate. . . . Upon the suspension or revocation of any license or registration the registrar shall forthwith send written notice thereof to the licensee or registrant as the case may be, and such notice, in case of the suspension of a license to operate a motor vehicle because of the improper operation thereof, shall specify the time and place of such improper operation." Under G. L. (Ter. Ed.)

c. 90, § 28, as appearing in St. 1950, c. 536, a person aggrieved by a decision of the registrar may, within ten days thereafter, appeal from the decision to the board of appeal.

The cause for the suspension of the petitioner's license by the registrar was stated in the notice. This notice did not state that the holder of the license was an improper or incompetent person to operate motor vehicles or that the licensee did operate so as to endanger the public. It apparently referred to "improper operation" as that is the only reason for suspension respecting which the statute requires a statement in the notice of "time and place." Wide discretion is vested in the registrar as to the revocation or suspension of licenses of persons who operate motor vehicles on the public ways, but his discretion is not to be exercised arbitrarily or without regard to the purpose for which his authority to revoke or suspend is granted. The operation of a motor vehicle by one under the influence of intoxicating liquor is a criminal offence, G. L. (Ter. Ed.) c. 90, § 24 (1) (a), (b), as amended, and on conviction of such offence the revocation of the offender's license is required. Here no assertion of the operator's intoxication was stated in the registrar's notice. The intoxicating liquor alleged to have been consumed so far as it appears might have been of trivial amount, and have been taken at a time substantially earlier than the operation of the motor vehicle on July 7, 1951. From the facts stated in the notice, the registrar did not, in our opinion, have "reason to believe" that the licensee was operating improperly on that date. He was therefore not justified in suspending the petitioner's license.

The petitioner does not allege that an appeal was taken from the decision of the registrar suspending the license, although he prays that the order of July 30, 1951, and the order of the board of appeal affirming that order be quashed. He states that his appeal was from the decision of the registrar "denying a reissuance of . . . [the petitioner's] license."

There is nothing in the return to indicate that the decision of the registrar on the application for reissuance of the

license and the affirmation of that decision by the board of appeal were based on any evidence or reason other than that stated in the notice of suspension. We think, therefore, that the petitioner is entitled to have his license reissued. The judgment of the Superior Court is reversed. Judgment is to be entered quashing the order of the board of appeal and ordering entry by that board of an order annulling the decision of the registrar denying the application of the petitioner for reissuance of his license.

*So ordered.*