Athos V. Longo *vs.* Board of Appeal on Motor Vehicle Liability Policies and Bonds.

Middlesex.    March 6, 1969. — May 6, 1969.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Kirk, JJ.

*Motor Vehicle*, License to operate. *Registry of Motor Vehicles. Moot Question.*

Questions presented on an appeal to this court by the Board of Appeal on Motor Vehicle Liability Policies and Bonds from a final decree in a proceeding under G. L. c. 30A, § 14, annulling a decision of the board which affirmed a decision of the Registrar of Motor Vehicles suspending the petitioner's license to operate motor vehicles for an indefinite period, following expiration of a suspension of his license for a fifteen day period without a hearing and his refusal to deliver the license to registrar as directed, were not moot. [26]

A suspension by the Registrar of Motor Vehicles without a hearing of a license to operate a motor vehicle solely on the ground that the registrar had "reason to believe that . . . [the licensee] did improperly operate a motor vehicle," was invalid under G. L. c. 90, § 22, where it appeared that the registrar relied upon a single isolated act of the licensee which resulted in his receipt of a warning from a police officer but not in a criminal prosecution. [27]

In a proceeding in the Superior Court under G. L. c. 30A, § 14, for a review of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds affirming on appeal under c. 90, § 28, a decision by the Registrar of Motor Vehicles suspending without a hearing the petitioner's license to operate a motor vehicle and directing him to

deliver it to the registrar, a final decree stating that the registrar's decision was invalid under c. 90, § 22, and annulling the decision of the board was correct, but a ruling by the judge that "proceedings taking place . . . [after the suspension], including the action of the Board of Appeal . . . are without legal effect upon the petitioner" was erroneous since there was no stay of the registrar's decision or the board's decision and it was the petitioner's duty to obey them until entry of the decree. [27–28]

PETITION for review filed in the Superior Court on April 2, 1968.

The case was heard by *Bennett,* J.

*Samuel W. Gaffer,* Assistant Attorney General, for the respondent.

*Marvin H. Margolies,* for the petitioner, submitted a brief.

WILKINS, C.J. This is a petition under G. L. c. 30A, § 14, for review of a decision of the respondent board (created under G. L. c. 26, § 8A), which on March 26, 1968, affirmed a decision of the Registrar of Motor Vehicles, who on January 30, 1968, indefinitely suspended the petitioner's license to operate a motor vehicle.

On December 7, 1967, the registrar notified the petitioner of the suspension of his license for fifteen days. The ground of the registrar's action was, in his words: "I have reason to believe that you did improperly operate a motor vehicle." The registrar first acted following a report that on or about November 2, 1967, the petitioner drove at an estimated speed of forty-five to fifty miles an hour on Montvale Avenue, Woburn, in a thickly settled district,[1] "also passing left of solid yellow line." He received a warning from a police officer.

Following the notice of suspension, the registry attempted to obtain the return of the license, as required by the notice of suspension, but the petitioner refused, contending that the decision and notice were illegal without a hearing. On

---

[1] G. L. c. 90, § 1. "'Thickly settled or business district,' the territory contiguous to any way which is built up with structures devoted to business, or the territory contiguous to any way where the dwelling houses are situated at such distances as will average less than two hundred feet between them for a distance of a quarter mile or over."

January 30, 1968, the length of the suspension was changed to an indefinite period.[1]

The judge ruled that the purported suspension "for the cause reported to the Registrar and for the reason assigned by the Registrar is invalid for the reason that such suspension did not occur after due hearing"; and that "proceedings taking place thereafter, including the action of the Board of Appeal . . . are without legal effect upon the petitioner." On May 27, 1968, a final decree was entered in the Superior Court annulling the decision of the respondent board. The decree stated that the decision of the registrar was invalid under G. L. c. 90, § 22, as amended. The respondent board appealed.

The present indefinite suspension presents no question of mootness. Nor would one have been presented by the expiration of the fifteen day suspension. *Kenworthy & Taylor, Inc.* v. *State Examrs. of Electricians,* 320 Mass. 451, 453–454. *Commissioner of Corps. & Taxn.* v. *Ryan,* 323 Mass. 154, 159.

The material provisions of G. L. c. 90, § 22, are: "The registrar may suspend or revoke . . . any license issued under this chapter, after due hearing, for any cause which he may deem sufficient, and he may suspend the license of any operator . . . in his discretion and without a hearing, and may order the license . . . to be delivered to him, whenever he has reason to believe that the holder thereof is an improper or incompetent person to operate motor vehicles, or is operating improperly or so as to endanger the public . . . nor [shall] the license . . . be reissued unless, upon examination or investigation, or after a hearing, the registrar determines that the operator should again be permitted to operate."

The ground upon which the registrar relied in suspending the license without a hearing was that the petitioner did improperly operate a motor vehicle. The statement refers to a single isolated act in the past which resulted in a warning only and did not lead to a criminal prosecution. In

---

[1] On February 7, 1968, the petitioner was convicted in a District Court for failure to surrender his license. He was fined $100 and appealed.

order to deprive an operator of his license without a hearing, the statute seems to require that a violation should be such as to indicate the likelihood of further improper operation continuing into the near future and so serious as to justify the prompt removal from the public ways of an operator who has become an immediate threat to the general safety. In other words, the statutory purpose seems to prescribe that there should be an emergency aspect to authorize summary administrative procedure to supersede ordinary requirements of due process.

As in *Wall* v. *Registrar of Motor Vehicles,* 329 Mass. 70, 73, the notice did not state that the holder of the license was an improper or incompetent person to operate motor vehicles or that he did operate so as to endanger the public, but that this was a case of improper operation. It was there said, "Wide discretion is vested in the registrar as to the revocation or suspension of licenses of persons who operate motor vehicles on the public ways, but his discretion is not to be exercised arbitrarily or without regard to the purpose for which his authority to revoke or suspend is granted." We are of opinion that the *Wall* case is controlling in the case at bar.

We are of opinion that the ruling of the judge as to the invalidity under § 22 of the suspension without a hearing was correct. But it does not follow that the subsequent proceedings were "without legal effect upon the petitioner." The appeal to the board provided by G. L. c. 90, § 28 (as amended by St. 1950, c. 536), does not operate to stay any ruling or decision of the registrar.[1] In similar manner review under G. L. c. 30A, § 14[2] does not stay an agency decision until so ordered by the reviewing court. The decree of the reviewing court was not entered until May 27, 1968. Until

[1] "Any person aggrieved by a ruling or decision of the registrar may, within ten days thereafter, appeal from such ruling or decision to the board of appeal on motor vehicle liability policies and bonds . . . which . . . may, after a hearing, order such ruling or decision to be affirmed, modified or annulled; but *no such appeal shall operate to stay any ruling or decision of the registrar*" (emphasis supplied).

[2] C. 30A, § 14 (3). "The filing of the petition shall not operate as a stay of enforcement of the agency decision . . . ."

that date it was the duty of the petitioner to obey the agency's decision. See *Ullian* v. *Registrar of Motor Vehicles,* 325 Mass. 197, 199; *Yakus* v. *United States,* 321 U. S. 414, 442–443; *Wall* v. *King,* 206 F. 2d 878, 883–884, cert. den. 346 U. S. 915. See also *United States & Interstate Commerce Commn.* v. *Abilene & So. Ry.* 265 U. S. 274, 282; 35 A. L. R. 2d 1013–1014; 2 Am. Jur. 2d, Administrative Law, § 406.

No question seems to be presented by any appeal from the order increasing the suspension to an indefinite period. The final decree referred only to the decision of the board under date of March 26, 1968.

The final decree annulling the decision of the respondent board is affirmed.

*So ordered.*