JOHN P. CURRAN *vs.* BOSTON POLICE PATROLMEN'S
ASSOCIATION, INC.

Suffolk.    December 9, 1975. — January 20, 1976.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Practice, Civil,* Motion to dismiss. *Pleading, Civil,* Complaint. *Corporation,* Members, By-laws.

A complaint by the treasurer of an incorporated labor organization seeking to invalidate an action taken by the organization's governing body which removed most of his powers and duties as treasurer and reduced his salary failed to state a cause of action where the vote complained of was within the authority conferred on the governing body by the organization's by-laws. [41-43]

BILL IN EQUITY filed in the Superior Court on April 12, 1974.

A motion for leave to amend the complaint was heard by *Lynch,* J.

*Manuel Z. Sherman* for the plaintiff.

*Frank J. McGee* for the defendant.

HALE, C.J.   The plaintiff brought a bill of complaint seeking to invalidate an action taken by the defendant's governing body, the House of District Representatives (House), which removed most of the plaintiff's powers and duties as treasurer of the defendant and reduced his salary from seventy-five to ten dollars per week. The defendant filed a demurrer to the bill, assigning as a ground, among others, that the bill failed to state a cause of action. The demurrer was heard after the effective date of the Massachusetts Rules of Civil Procedure (July 1, 1974) and was treated (Mass.R.Civ.P. 1A [3], 365 Mass. 731 [1974]) as a motion to dismiss under Mass.R.Civ.P. 12(b) (6), 365 Mass. 755 (1974). It was allowed by a Superior Court judge, with leave to move to amend. Thereafter a motion

to amend was filed, together with a proposed amended complaint. That motion was denied by another Superior Court judge who, having compared the amended complaint with the original bill, ruled that as "the amended complaint adds nothing of substance to the original and that the basic legal question is the same under each, the motion to amend is denied, the court . . . having previously determined that question adversely to plaintiff." Judgment dismissing the complaint was entered by a third Superior Court judge, and the plaintiff has appealed.

In our review of this case we are governed by the well-known standard, formerly applied to demurrers, that for the purpose of deciding a motion to dismiss under Mass.R. Civ.P. 12 (b) (6) the defendant admits all the facts well pleaded. *George* v. *Jordan Marsh Co.* 359 Mass. 244, 246 (1971). We construe the pleadings, however, under the somewhat less exacting requirements of the Massachusetts Rules of Civil Procedure. See *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 (1975); *Harrison* v. *Textron, Inc.* 367 Mass. 540, 557-558 (1975).

The plaintiff claims that he is the duly elected treasurer of the defendant, an incorporated labor organization representing the patrolmen of the police department of the city of Boston; that the by-laws of the defendant provide, "[t]he treasurer and clerk shall be elected annually by and from the membership of the corporation"; and that the action of the House[1] "so diluted the office of Treasurer as

---

[1] "A motion was made by Hill and seconded by Greene that the duties of the Association treasurer be changed and the duties of the treasurer shall not include any bookkeeping, handling of monies, records, bank accounts, accounts payable, accounts receivable, payroll, signing of checks or any other banking transactions, and that further the salary paid to the treasurer be $10.00 per week and the difference of $65.00 per week be used to defray the cost of a bookkeeper to do these duties."

The duties of the treasurer concerned in this vote are found in Article 7, § 4, of the by-laws: "The Treasurer, subject to the control and discretion of the House of District Representatives shall have general charge of the financial concerns of the corporation and its money and securities. He shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation, which shall al-

to deny to the membership, without authority, the benefit of the service of the Treasurer duly elected by said membership . . . and is outside the discretion reserved to the House of District Representatives to control [the] financial concerns [of the defendant]." In other words, the plaintiff contends that the House lacked the authority to divest him of most of the duties of the office to which he was elected by the membership.

Our task is to determine whether this vote was proper under the by-laws. *Mitchell* v. *Albanian Orthodox Diocese in America, Inc.* 355 Mass. 278, 282 (1969). Article 7, § 1, of the by-laws provides in pertinent part: "The House of District Representatives shall have the entire charge, control and management of the corporation, its property, business, and affairs and shall exercise all the powers of the corporation except such as are reserved unto the members by law and by these by-laws. Subject as aforesaid, the House may fix and alter the duties, powers and authority of the several officers and agents of the corporation." The plaintiff now seeks to direct our attention to the exception found at the end of the first sentence of that section, but without having suggested in his complaint or in his brief that any reservation such as may be there referred to does in fact exist. We do not regard that naked phrase as helpful to the plaintiff. The authority for the board's action is explicitly stated in the last sentence of § 1,

---

ways be open to the inspection of each district officer and district representative and shall deposit all moneys and other valuable affairs in the name and to the credit of the corporation in such depositories as shall be designated by said House. The Treasurer shall have such other powers and perform such other duties as are incidental to his office and as may be assigned to him by the said House. He shall give the corporation a bond, in amount and with sureties satisfactory to the House of District Representatives, conditioned for the proper performance of his duties, the expense thereof to be borne by the corporation; but he may be excused from giving such a bond by majority vote of said House. He shall make a written report at each Annual Meeting. Such report shall be audited prior to the annual meeting by one or more auditors appointed by the Executive Board." Only the first sentence of Article 7, § 4, is referred to in the proposed amended complaint, but as the full text was set out in the original bill and by both parties in their briefs, we have included the full text in this footnote.

quoted above, and the overall power of the House is stated in the fourth section of that same article (footnote 1): "The treasurer, subject to the control and discretion of the House of District Representatives shall have general charge of the financial concerns of the corporation and its money and securities."

We are of the opinion that the vote complained of was within the authority conferred on the House by the by-laws. This, therefore, is a case in which the allowance of the motion to dismiss (demurrer) and the denial of the motion to amend were justified and indeed compelled (*De-Loach* v. *Woodley*, 405 F. 2d 496, 496-497 [5th Cir. 1968]), as it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U. S. 41, 45-46 (1957).

*Judgment affirmed.*