ROSE CAPODILUPO, trustee, *vs.* JOSEPH PETRINGA & another. JOSEPH PETRINGA & another *vs.* BOSTON RENT CONTROL ADMINISTRATOR & another. November 28, 1977. On October 17, 1974, the Boston Rent Control Administrator (administrator) granted Rose Capodilupo (landlord) a certificate of eviction for the premises occupied by Joseph and Lucia Petringa (tenants), St. 1970, c. 842, § 9(*b*); and on or about November 18, 1974, the landlord commenced a summary process action in the Housing Court of the City of Boston against the tenants. On January 16, 1975, the administrator, on the landlord's application, ruled (pursuant to Regulation 8 issued by the administrator, effective March 15, 1973), that the premises were exempt from rent control (the exemption ruling). The tenants' attorney became aware of the administrator's action on January 28, 1975. The summary process action was heard together with an action by the tenants previously brought to review the grant of the certificate of eviction. See *Mayo* v. *Boston Rent Control Admr.,* 365 Mass. 575, 576 (1974). On April 1, 1975, the court found and ruled that the landlord was not entitled to a certificate of eviction but was nevertheless entitled to a judgment for possession on the basis of the administrator's exemption ruling, as to which no judicial review had been sought. Judgment for the landlord for possession was entered on April 7, 1975, and on April 17, 1975, the tenants filed a notice of appeal. On April 22, 1975, the tenants filed a complaint, also in the Housing Court of the City of Boston, seeking judicial review of the administrator's exemption ruling; the administrator and the landlord are the defendants. On May 14, 1975, the tenants' motion for a preliminary injunction in this latest case was heard to-

gether with the landlord's motion to dismiss. The court, on May 20,
1975, issued "Orders" in which it found "the facts set out in the Stipu-
lation of Fact" filed by the parties, including the fact that on January
28, 1975, the tenants were aware of the exemption ruling issued by the
administrator on January 16, 1975. On those facts the judge denied the
tenants' application for a preliminary injunction and granted the de-
fendants' motion to dismiss on the ground (one of two) of laches. The
tenants filed a notice of appeal "from the Orders . . . dated May 20,
1975." The tenants' appeals are without merit.

*The summary process action.* When this action was brought, the
landlord had a certificate of eviction as required by St. 1970, c. 842,
§ 9(b); it was effective until declared invalid. Compare *Longo* v. *Board
of Appeal on Motor Vehicle Liab. Policies and Bonds,* 356 Mass. 24,
27-28 (1969); *Rafferty* v. *Sancta Maria Hosp., ante,* 624, 626-627
(1977). When the summary process action was heard on the merits
and judgment for possession was entered, the certificate was no longer
necessary, for the exemption ruling was then in effect. *Bowker* v.
*Worcester,* 334 Mass. 422, 433-434 (1956). *Greene* v. *McGoldrick,* 106
N.Y.S.2d 839, 841 (Sup. Ct. 1951). The exemption ruling could not be
attacked collaterally in the summary process action. *Gentile* v. *Rent
Control Bd. of Somerville,* 365 Mass. 343, 350 (1974). See 3 Davis,
Administrative Law c. 19, Primary Jurisdiction § 19.07 at 44-46 (1958).
Cf. *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 8-9 (1975).
The judge's finding of fact that "beyond any question . . . there was no
waiver of the termination of tenancy" must stand since there is noth-
ing in the record appendix before us to the contrary. *Gordon* v. *Sales,*
337 Mass. 35, 36 (1958). See *Mastrullo* v. *Ryan,* 328 Mass. 621 (1952).
We do not consider the "Statement of the Evidence and Proceedings"
included in the record appendix, since the statement was not approved
by the judge as required by Mass.R.A.P. 8(c), 365 Mass. 850 (1974).
The argument that the tenants had inadequate notice that the exemp-
tion would be a factor in the summary process action is close to disin-
genuous. The bare assertion of error by the judge in refusing to stay
the judgment for possession is not an argument. *Lolos* v. *Berlin,* 338
Mass. 10, 13-14 (1958).

*The action to review the exemption ruling.* The tenants' appeal from
the "Orders" must be dismissed since no judgment has been entered.
*Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* 206,
207-208 (1977). *Tisei* v. *Building Inspector of Marlborough, ante,* 328,
330 (1977). We observe that there is no indication in the record
appendix whether any question was raised below as to the procedure
followed by the judge, which (as the parties agree) had the effect of
treating the motion to dismiss as a motion for summary judgment, or
as to the adequacy of notice in this respect. See *Dayco Corp.* v. *Good-
year Tire & Rubber Co.,* 523 F. 2d 389, 392-393 (6th Cir. 1975); *Feng
Yeat Chow* v. *Shaughnessy,* 151 F. Supp. 23, 25 n.2 (S.D.N.Y. 1957).
Compare *Santiago* v. *Corporacion de Renovacion Urbana y Vivienda
de Puerto Rico,* 453 F. 2d 794, 797-798 (1st Cir. 1972); *Gutierrez* v. *El
Paso Community Action Program,* 462 F. 2d 121 (5th Cir. 1972); *Scott*
v. *Courtesy Inns, Inc.,* 472 F. 2d 563 (5th Cir. 1973) — cases holding
that a party is entitled to notice that a court intends to treat a rule
12(b)(6) motion as a motion for summary judgment and to an oppor-
tunity to present further material and be heard. See also *Thompson* v.
*New York Cent. R.R.,* 361 F. 2d 137, 138-139 (2d Cir. 1966); *Moore*

v. *Kibbee,* 385 F. Supp. 765, 765-766 (E.D.N.Y. 1974); 5 Wright & Miller, Federal Practice and Procedure § 1366, Conversion of Rule 12(b) (6) Motion into a Summary Judgment Motion (1969); 2A Moore's Federal Practice par. 12.09 Speaking Motion May Be Treated as Motion for Summary Judgment (2d ed. 1975). The "Orders" of the judge incorporating the "Stipulation of Fact" is enough to justify a judgment dismissing the action on the ground of laches. See *Latta* v. *Western Inv. Co.,* 173 F. 2d 99, 102-103 (9th Cir.), cert. denied, 337 U. S. 940 (1949); *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 558-559 (1976). No mention is made by either party that this case was brought as a class action, and there is nothing to indicate that the plaintiffs sought to certify it as a class action. See *Thibeault* v. *Chief of Police, ante,* 360, 360 n.2 (1977).

In the summary process action (Capodilupo *vs.* Petringa) the judgment is affirmed. In the action to review the exemption ruling (Petringa *vs.* Boston Rent Control Administrator) the appeal is dismissed.

*So ordered.*

The case was submitted on briefs.
*Mark D. Stern* for Joseph Petringa & another.
*Ira M. Lisook* for Rose Capodilupo, trustee.