a - Mass. App. Ct. Adv. Sh. (1980) 1023
b - Mass. App. Ct. Adv. Sh. (1979) 1858

## Paul L. GALLAGHER
### vs.
## Stewar W. ROACH

### No. 8744

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 15, 1982**

**Irving Goodman,** counsel for plaintiff.
**Leonard Rose,** counsel for defendant.

## OPINION

**Jodrey, J.** This is an action for breach of warranty and for the defendant's alleged unfair and deceptive practices in violation of G. L. c. 93A in the sale to the plaintiff of a boat. The sole question for review is the propriety of the trial court's allowance of the defendant's Dist./Mun. Cts. R. Civ. P. 12(b) (6) motion to dismiss.

The plaintiff's complaint alleges that on November 9, 1978, the plaintiff executed a written agreement with Norwood Marine, Inc. for the purchase of the vessel "Gra-Ben" for the sum of $21,375.00. Norwood warranted that the engines on the vessel would be free from all defects in materials and workmanship.

The vessel was delivered to the plaintiff in May of 1979. On August 3 and August 16, 1979, the boat's port engine failed and the plaintiff was required to return the vessel to Norwood for repairs. Norwood returned the boat upon the representations that a new base engine and parts had been installed in a good and workmanlike manner. In July of 1980 the port engine failed for a third time, and Norwood refused to either examine the boat or to undertake any repairs.

The plaintiff thereafter brought the vessel to a different marine yard for repairs to the port engine. It was at that time disclosed to the plaintiff that Norwood had not installed a new base engine in the boat, as represented, but had instead installed a "used, re-cut defective

automotive head on the right bank and improperly installed the valve keepers on the exhaust valve on the number 2 cylinder in said bank and failed to disclose the same to the plaintiff." The plaintiff alleged out-of-pocket expenses in the amount of $3,145.00 in repair and loss of the use of the boat amounting to $6,000.00.

The complaint alleged, in paragraph 5 thereof, that "the defendant as manager of Norwood, actively and personally participated in the conduct complained of herein."

The complaint further alleges that a G. L. c.93A, s. 9 (3) demand letter was forwarded to the defendant on April 27, 1980.

The defendant's motion to dismiss asserts that the plaintiff's complaint fails to state a claim upon which relief could be granted.

The report indicates that during oral argument on this motion, "the parties discussed, without objection" an action pending in the United States District Court in the District of Massachusetts entitled "Norwood Marine, Inc. v. the yacht GRA-BEN and Paul L. Gallagher" (hereinafter pending suit). Said action was brought under the admiralty jurisdiction of the federal court, **in rem** against the vessel and **in personam** against the present plaintiff, for the plaintiff's failure to pay for necessaries allegedly furnished by Norwood. The present plaintiff filed a counterclaim in the pending suit for breach of warranty and G. L. c. 93A damages. Norwood answered by way of affirmative defense to said counterclaim that:

> "the counterclaimant's cause of action does not arise out of any activity within the admiralty and maritime jurisdiction of the United States District Court and involves damages of less than $10,000 between citizens of the Commonwealth of Massachusetts, and thus is not within the diversity jurisdiction of the United States District Court."

Attached to the report as exhibits are copies of the complaint and answer in the pending suit. The report does not indicate that these federal pleadings were introduced in the trial court during oral argument upon the defendant's Rule 12(b) (6) motion.

The trial court allowed the motion to dismiss and entered judgment for the defendant. No subsidiary findings were made. The report states that "during said argument on said Motion to Dismiss, the trial judge did not give the plaintiff an opportunity to present additional materials. The plaintiff did not request such an opportunity."

The plaintiff is before this Division on a charge of error in the trial court's dismissal of this action pursuant to Rule 12 (b) (6).

The trial court's allowance of the defendant's Dist./Mun. Cts. R. Civ. P. 12 (b) (6) motion to dismiss must be vacated, for the plaintiff's complaint does not reveal "beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief." **Fabrizio** v. **Quincy,** Mass. App. Ct. Adv. Sh. (1980) 991, 992; **Curran** v. **Boston Police Patrolmen's Assoc., Inc.,** 4 Mass. App. Ct. 40, 43 (1976).

In ruling on a Rule 12 (b) (6) dismissal motion, a trial justice is required to accept as true all allegations of the plaintiff's complaint and to draw all inferences from such allegations in favor of the pleader. **Agis** v. **Howard Johnson Co.,** 371 Mass. 140, 141 (1976); **Hub Theatres, Inc.** v. **Massachusetts Port Auth.,** 370 Mass. 153, 154 (1976). In view of this standard, the plaintiff's complaint must be deemed to set forth his purchase of goods from a merchant; the existence of defects in such goods; a resulting breach of the warranty applicable to such goods and the plaintiff's concomitant financial loss. Such facts, if proven, would permit a recovery under G. L. c. 93A, s. 9.

To withstand a Rule 12 (b) (6) attack on a G. L. c. 93A claim, a pleader must allege sufficient facts to indicate (a) a

purchase or lease; (b) involving goods for personal, family or household purposes; (c) which results in a loss of money or property; (d) due to the "unfair or deceptive acts or practices" of the defendant; and (e) that the plaintiff submitted a demand letter to the defendant prior to the commencement of suit. **Slaney v. Westwood Auto Inc.**, 366 Mass. 688, 700-704 (1975); **Baldassari v. Public Finance Trust**, 369 Mass. 33 (1975). Here the complaint alleges the purchase of a boat for personal use; plaintiff's financial loss due to the defendant's alleged breach of warranty and the transmission of a demand letter. The plaintiff's allegation of a failure by the defendant to disclose a defect in the vessel and breach of warranty are **per se** sufficient to satisfy the c. 93A "unfair and deceptive act" pleading requirement. **Slaney v. Westwood Auto, Inc., supra** at 702.

The defendant's allegation that he cannot be charged, as servant or employee, for unfair or deceptive acts committed under a contract between the plaintiff and Norwood would appear to be without merit, at least at the pleading stage of this proceeding. The plaintiff must be deemed, in light of **Nader v. Citron**, 372 Mass. 96 (1977), to have precluded a Rule 12 (b) (6) dismissal of his c. 93A claim by alleging that the defendant "as manager of Norwood, actively and personally participated in the conduct" which forms the basis of the plaintiff's suit.

The defendant contends that the trial court's allowance of his motion can also be sustained pursuant to Rule 12 (b) (9) on the basis of the prior pending action in the federal court. Such contention is without merit. Rule 12 (h) (1) provides, in relevant part, that "a defense of . . . pendency of a prior action is waived (A) if ommitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion nor included in a responsive pleading or an amendment thereof permitted by Rule 15 (a) to be made as a matter of course." See, e.g., **Jones** v. **Wayland**, Mass. Adv. Sh. (1980) 669, 673 n. 8. It would thus appear that the defendant waived the defense of a pendency of a prior action by failing to include the same in the original or in an amended Rule 12 (b) (6) motion.

No reference to the purportedly pending federal action is contained in the defendant's Rule 12 (b) (6) motion. For the trial court to have premised his judgment of dismissal on this ground under Rule 12 (b) (9), it would logically have been required to consider matters not set forth in the pleadings. Rule 12 (b) specifically mandates that:

> "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

This provision has been construed as entitling the plaintiff "to notice that a court intends to treat a rule 12 (b) (6) motion as a motion for summary judgment and to an opportunity to present further material and be heard." **Capodilupo** v. **Petringa,** 5 Mass. App. Ct. 893, 894-895 (1977) and cases cited. See also **Nightingale** v. **Board of Appeals of Methuen,** 7 Mass. App. Ct. 887 (1979). It is open to the plaintiff to challenge the adequacy of such notice. See **United States Fidelity & Guar. Co.** v. **N. J. B.Prime Investors,** 6 Mass. App. Ct. 455, 456 n. 2 (1978); **Capodilupo** v. **Petringa, supra** at 894. The record does not disclose any notice to the plaintiff that the trial justice herein intended, if that in fact was the case, to consider the pending federal action as a basis for dismissal and thus to treat the defendant's motion as one for summary judgment. It cannot be ruled that the plaintiff acquiesced in such a judicial course of action simply by failing to object to an oral discussion of the federal case at the time of argument. A party entitled to notice should be first affirmatively apprised under Rule 12 (b)

of a possible summary judgment approach before he is expected to object thereto. Compare **Canter** v. **Planning Brd. of Westborough, Mass.** App. Ct. Adv. Sh. (1979) 1281, 1283-1284. Furthermore, a trial justice may not consider matters beyond the scope of the pleadings under Rule 12 (b) (6) without the "clear cut agreement of the parties." **LaFontaine** v. **Fillela**, 7 Mass. App. Ct. 870 (1979).

If the trial justice in fact considered the pendency of the federal action in evaluating the defendant's Rule 12 (b) (6) motion herein, both such consideration and the court's eventual dismissal predicated thereon would constitute error. Even if this Division were to treat the trial court's order of dismissal as a summary judgment for the defendant pursuant to Dist./Mun. Cts. R. Civ. P. 56, **Mongeau** v. **Boutelle,** Mass. App. Ct. Adv. Sh. (1980) 1369, 1370, such judgment would necessitate reversal. It is axiomatic that a motion for summary judgment cannot be granted if there is any genuine issue of material fact warranting a trial on the merits. See, e. g., **Panesis** v. **Loyal Protective Life Ins. Co.,** 5 Mass. App. Ct. 66, 71 (1977). Cases such as the one **sub judice,** which entail issues of breach of contract or the operation of unfair and deceptive practices, customarily are not amenable to Rule 56 adjudication by virtue of the obvious presence of factual issues. See, e.g., **Bedford Heating & Air Conditioning Co.** v. **Milano,** 6 Mass. App. Ct. 898 (1978): **Noyes** v. **Quincy Mut. Fire Ins. Co.,** 7 Mass. App. Ct. 723 (1979). It cannot be ruled herein that the defendant has established as a matter of law his non-liability under G. L. c. 93A to the plaintiff. See, as to moving party's Rule 56 burden of proof, **John B. Deary, Inc.** v. **Crane,** 4 Mass. App. Ct. 719 (1976).

We are of the opinion that the plaintiff's complaint would not have been subject to dismissal on the grounds of a pending federal action even if the defendant had proceeded properly upon a Dist./Mun. Cts. R. Civ. P. 12 (b) (9) motion. Rule 12 (b) (9) by its terms is applicable only to a prior action "in a court of the commonwealth." **Doe** v. **The Governor,** Mass. Adv. Sh. (1980) 2289, 2293.

Finally it is fatal to defendant's Rule 12 (b) (9) argument that here the state and federal actions do not involve the same parties. The plaintiff has proceeded in counterclaim against Norwood in the federal action, not the present individual defendant. The defense of a pendency of a prior action must involve not only the same issues but the same parties. See **Twomey** v. **Board of Appeals,** 7 Mass. App. Ct. 770, 776, n. 11 (1979). **Third Nat'l Bk. of Hampden Cty.** v. **Mason,** Mass. App. Div. Adv. Sh. (1978) 286, 293.

Inasmuch as we hold that the trial court's Rule 12 (b) (6) dismissal of the plaintiff's G. L. c. 93A cause of action constituted error, the order of dismissal must be vacated, and the case remanded for further proceeding in the trial court.

So ordered.

**Elliott T. Cowdrey, P. J.**
**James B. Tiffany, J.**
**H. Lawrence Jodrey, J.**