Welsh, J.
This is a civil action in tort for defamation.
Agreeable to Rule 5, Dist./Mun. Cts. R. A. D. A., the judge reported his interlocutory order denying the defendant’s motion to dismiss for failure to state a claim upon which relief may be granted. Rule 12(b) (6), Mass. R. Civ. P.
We affirm the judge’s order denying the motion to dismiss and remand the case to the Falmouth Division for further proceedings.
A motion to dismiss under Rule 12(b) (6) for failure to state a claim upon which relief may be granted should not be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of the facts which could be proven in support of his claim. 2A MOORE, FEDERAL PRACTICE 2245; McCone v. New England Tel. & Tel., 393 Mass. 231, 232 (1984). In passing upon such a motion, all facts well pleaded are deemed to be admitted. Curran v. Boston Police Patrolmen’s Association, Inc., 4 Mass. App. Ct. 40, 41 (1976). The burden of a party *125 whose pleading is assailed under such a motion is minimal. Gennari v. Revere, 23 Mass. App. Ct. 979 (1987). All inferences are to be taken in favor of the plaintiff. Sheffield Progressive, Inc. v. Kingston Tool Co., Inc., 10 Mass. App. Ct. 47, 48 (1980).
The factual allegations of the complaint, as supplemented by the motion judge’s voluntary report, present the following scenario:
The defendant, a former bartender to the Veterans of Foreign Wars Post in Bourne (hereinafter VFW), filed a complaint with the Massachusetts Commission Against Discrimination (hereinafter MCAD) alleging that Armand Wheeler, a member of the Board of Directors of the VFW, had wrongfully discriminated against her by sexually harassing her in her workplace. The VFW was also a party to the proceedings before the MCAD. A probable cause hearing was held by the MCAD but no determination was made. There was no mention of the plaintiff, who is a member of the woman’s auxiliary of the VFW, in the complaint before the MCAD. The plaintiff neither appeared before nor participated in any of the proceedings before the MCAD.
Armand Wheeler, a respondent in the MCAD proceedings, sought to undermine Farrell’s credibility by demonstrating that Farrell had made a false allegation to one Carlyjane Watson, the President of the Women’s Auxiliary of the VFW, that Barbara McNeil, the plaintiff, had improperly accosted Farrell at the VFW. A document purportedly signed by other auxiliary members was put into the record, indicating that Farrell had admitted in their presence that the statement concerning McNeil, which prompted Carlyjane Watson’s letter of rebuke to McNeil, was false. As a “rebuttal,” Farrell entered into the record her written statement styled “Rebuttal To Testimony given on 1/6/98,” in which Farrell asserts that “Barbara [McNeil] has been known to physically assault auxiliary members.” Presumably, Farrell’s purpose was to negate any inference that she was not a credible witness by asserting that McNeil had a reputation of assaultive behavior towards members of the Ladies’ Auxiliary of the VFW.
We do not reach the issue whether the statement is privileged because it was made in the context of a quasi-judicial proceedings. Hoar v. Wood, 3 Met. 193, 197-198 (1841). The complaint, viewed liberally, is not restricted to allegedly defamatory statements uttered or published solely at the MCAD proceedings: It may be construed to include defamatory remarks uttered or published in a broader context not implicating a claim of privilege. It cannot be said as a matter of law that no facts can be established under the complaint that would entitle the plaintiff to relief. Since a fact determination is necessary as to where and under what circumstances the statement referred to was published, the order denying the motion is correct.
The case is remanded to the Falmouth Division for further proceedings.
So ordered.