"Wheatley, P.J.
Under Dist./Mun. Cts. R.A.D.A., Rule 8A, the plaintiff (Lewis) has appealed from the allowance of a motion to dismiss his suit for failure to state a claim upon which relief can be granted. After reviewing the complaint, we affirm and dismiss the appeal.
A summary of the allegations in Lewis’s complaint follows: Lewis, as a Massachusetts attorney, negotiated a settlement of his client, Linda Bell’s, tort claim with the defendant (Plymouth), the insurance company for the defendant in that case. On July 6, 1998, Lewis, in anticipation of payment, delivered to Plymouth a release for $6,500, the agreed-upon amount. The next day, Plymouth’s claims adjuster told Lewis that the Mass. Department of Revenue had asserted a lien under G.L.c. 175, §24D against his client’s proceeds and had demanded the amount of the settlement, less Lewis’s fee and costs. She asked Lewis to send her a copy of his bill with his charges, which he did. On July 20, Plymouth sent to Lewis two checks, one drawn to “DOR/CSE” for $4,318,821, and the other drawn to “Herbert D. Lewis & Linda Bell” for $2,181.18.[1]
Paragraphs 7 and 8 of the complaint further state:
7. In accordance with the requirements of M.G.L. chapter 175, Section 24D, any moneys not paid to the plaintiff, as attorney, must be paid to the Department of Revenue in partial satisfaction of its lien which exceeds the total amount of the third-party settlement. The said Linda Bell, therefore, legally cannot receive any of these moneys.
8. The plaintiff has requested that the defendant make the second check payable to him only, as is the first check which is made payable to the DOR only, but the defendant has refused, in breach of its agreement to deliver to him personally, as attorney, the difference between the settlement funds and the payment to the DOR.
Lewis’s first claim is for breach of contract. His second claim alleges that Plymouth’s actions constitute an unreasonable settlement practice under G.L.c. 176D, and his third claim alleges Plymouth’s actions were wilful and deceptive, triggering damages under G.L.c. 93A. At the hearing before us, Lewis acknowledged that he had no right of action under G.L.c. 176D, his second count. Moreover, his third *337 claim is not supported by any allegations that set out a violation of c. 93A against Lewis as an individual. The only acts described in a business context are done between Plymouth and Lewis, as an agent for his client, and would, at best, be applicable to a claim by her, not by him as an individual. The allegations do not demonstrate that Lewis had any personal right to the check in question.
The issue then is whether it appears beyond doubt that the plaintiff has alleged any set of facts in support of his first claim which would entitle him to relief. Altoonian v. Flagship Motor Cars, Inc., 1999 Mass. App. Div. 74, 75; Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 12-13 (1987); Kurker v. Hill, 44 Mass. App. Ct. 184, 186 (1998). For purposes of reviewing disposition of a motion to dismiss, “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), quoting from Blank v. Chelmsford Ob/Gyn, P.C., 490 Mass. 404, 407 (1995). In this context, all facts well-pleaded are deemed to be admitted. McNeil v. Farrell, 2000 Mass. App. Div. 124; Curran v. Boston Police Patrolmen’s Association, Inc., 4 Mass. App. Ct. 40, 41 (1976). All inferences are to be taken in favor of the plaintiff. Sheffield Progressive, Inc. v. Kingston Tool Co., Inc., 10 Mass. App. Ct. 47, 48 (1980). His complaint centers on a claim for damages for the amount of the check drawn to him and his client. In a broad reading of the complaint, the only obligation of Plymouth which Lewis sets out is the “agreement to deliver to him personally, as attorney, the difference between the settlement funds and the payment to the DOR.” In fact, this amount was delivered to him personally. We infer that he is complaining that Plymouth did not deliver to him a check for that amount drawn only to him. Even assuming that such a promise was made by an employee of Plymouth, it does not provide the basis for an action for breach of contract for two reasons.
First, there is no allegation that the employee had any authority to make such an agreement. After the formation of a settlement agreement and the delivery to Plymouth of the signed release, in accordance with the usual language of an insurance policy, the funds are due and owing to Lewis’s client. There are no allegations here of a separate agreement between Ms. Bell and Plymouth that would authorize Plymouth to pay her attorney’s bill directly. Without such an allegation, Lewis has no claim to the funds exempt from payment to DOR.
Secondly, even if such an authorization could be implied from the fact that Lewis, by virtue of his involvement in Ms. Bell’s negotiation, is her agent and impliedly can dictate the disposition of her proceeds, Lewis must allege a breach of an enforceable contract.[2] He has not. ‘The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.” (Emphasis supplied.) RESTATEMENT OF CONTRACTS 2d §17 (1981). There is no allegation of any consideration passing from Lewis to Plymouth in exchange for a promise to deliver the check drawn only to him. Lewis had already agreed to a settlement and given Plymouth the release, on behalf of Ms. Bell, and nothing further was to be forthcoming to Plymouth. It was a gratuitous act on the part of Plymouth to include Lewis on the check along with Ms. Bell in order, presumably, to aid him in obtaining payment for his services.
The one exception possibly applicable to this scenario would be that Lewis, expecting payment by check bearing only his name, was induced to act or forbear from some act in reliance on Plymouth’s promise. “A promise which the promisor should reasonably expect to induce action or forbearance on the part of the prom- *338 isee ... and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.” Ibid, §90 (1). There are no allegations of such a case. Without them, the complaint is deficient.
■ Because there has resulted here a suit against Plymouth, we assume that Ms. Bell is unable or unwilling to endorse the check which Lewis holds. She is not prohibited from doing so by c. 175, §24D, which exempts from its terms any amount payable to an attorney for services. Lewis has a clear remedy available at law against her. His problem is with his client, not with her insurance company.
Accordingly, we affirm the lower court’s decision and dismiss the appeal.
So ordered.

 We cannot determine why Plymouth Rock sent the DOR check to Lewis rather than, as required by the statute, directly to DOR. This is not a concern of Lewis’s and the focus of the appeal and our discussion centers on the other check.

 Here we note that G.L.C. 175, §24D creates a lien in favor of DOR only, and not for an attorneys fee. Since an attorneys lien for fees arising under G.Lc. 221, §50 attaches only when an action that is commenced results in a judgment, decree or other order entered in his client? s favor, Lewis, in this case, has no claim in this regard.