Wexler, James H., J.
This case arises out of an employment contract dispute between the Plaintiff Gerald R. Beaupre and Defendant Town of Douglas’ Police Department (hereinafter, “the Town”). Plaintiff was an active employee of the Defendant beginning in 1976 as a part-time police officer. On or about 1978, Beaupre’s employment status was changed to that of a full-time police officer. Beaupre was an active employee until October 1, 1993, where he was placed on injured-on-duiy leave in accordance with G.L.c. 41, §11 IF for post-traumatic stress disorder. Beaupre remained on injured-on-duiy status until June 10, 1999, at which time Beaupre was approved for an involuntary disability retirement. As a full-time police officer with the Town, Beaupre’s employment was continuously governed by successive collective bargaining agreements between the Town and the Massachusetts Coalition of Police (hereinafter, “the Union”).
Beaupre asserted that he was entitled to payment for benefits that he believed he accumulated during his injured-on-duty status pursuant to the terms of the applicable collective bargaining agreement with the Town during his injured-on-duty status. The Town denied this payment.
Upon denial, he filed a three-count suit against the Town on June 8, 2005 which included the following claims: Count I alleging a breach of contract; Count II alleging recovery based upon quantum meruit; and Count III alleging a violation of G.L.c. 149, §148.
Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6) to dismiss the Complaint in its entirety for failing to state a claim for which relief may be granted.
For the reasons set forth below, the Motion to Dismiss is denied as to Count I of Plaintiffs complaint, but affirmed for Counts II and III.
Standard for Motion to Dismiss
Pursuant to Mass.R.Civ.P. 12(b)(6), a complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting from Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must accept as true all well pleaded allegations of the complaint and all reasonable inferences generated by those allegations. Nader, 372 Mass. at 98. Dismissals on the basis of pleadings “before the facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987). Where it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proven in support of his or her claims, then dismissal is proper. See Nader, 372 Mass. at 98; Curran v. Boston Police Patrolmen’s Ass’n, Inc., 4 Mass.App.Ct. 40, 43 (1976).
Count I, Breach of Contract
Defendant asserts that the Plaintiff cannot resort to the courts for relief because as a member of a collective bargaining agreement, he must first adhere to the grievance procedure and exhaust all remedies specified in the agreement. Several courts have held that a union is the legal representative of the employee, and as a member of a collective bargaining unit, such as Beaupre in this present case, cannot assert rights under a collective bargaining agreement in a judicial forum on his own. Peabody Federation of Teachers, Local 1289, AFL-CIO v. School Comm. Of Peabody, 28 Mass.App.Ct. 410, 414 (1990); Johnston v. School Comm. of Watertown, 404 Mass. 23, 25 (1989). It is generally held that a collective bargaining agreement between Plaintiff and Defendant sets forth a grievance procedure which Plaintiff should have adhered to. However, there are exceptions in this case which may allow for Plaintiff to circumvent such procedure.
One exception to the general rule includes unfair representation claims against the union. Johnston, 404 Mass. at 26-27; Azzi v. Western Electric Co., 19 Mass.App.Ct. 406, 409 (1985). It was clearly held in Balsavich v. Local Union 170, Int’l Bhd. of Teamsters that when a union fails in its duty to represent an employee fairly in pressing a grievance, as alleged by Plaintiff, than the employee is free to try judicial remedies. In the present case, Plaintiff claims that he was no longer a member of the MCOP, that his request for assistance was denied by the MCOP and it therefore failed its duty to represent him fairly. Although such claims are often presented first to the Labor Relations Commission pursuant to G.L.c. 150E, precedent has established that a trial court has concurrent jurisdiction. Leahy v. Local 1526, American Fed'n of State, County, & Mun. Employees, 399 Mass. 341, 346 (1987). Additionally, this case can be distinguished from those that have first presented before the Labor *740 Relations Commission in that Plaintiffs complaint is not against the union but against the employer. See id.
Additionally, a more significant exception lies in the nature of the Plaintiffs complaint, which alleges a failure to pay statutory and contracted wages. It has been held that an employee’s right to timely payment of wages is an independent, nonwaivable statutory right that can be judicially enforced even though the subject matter was incorporated into a collective bargaining agreement. Newton v. Comm. of Dept. of Youth Services, 62 Mass.App.Ct. 343 (2004). Beaupre’s request for payment of wages is an independent statutory right and does not require that he exhaust administrative remedies contained in a collective bargaining agreement before seeking judicial remedy.
For these reasons, Defendant’s Motion to Dismiss as to this Count cannot be granted because Plaintiffs claim falls within one of the exceptions to the general rule requiring adherence to a collective bargaining agreement’s grievance procedure.
Count II, Quantum Meruit
Quantum Meruit is a common-law claim based on an underlying premise of one party’s unjust enrichment. A. Sullivan Corporation v. Commonwealth, 397 Mass. 789, 793-94 (1986). To recover under quantum meruit there can be no enforceable express contract, only an implied or quasi-contract. Szalla v. Locke, 421 Mass. 448, 453 (1995); Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993). Massachusetts courts have consistently held that recovery in quantum meruit requires at least that no actual contract exist regarding the subject matter being disputed. Id.
There is no dispute that an express contract existed between the Town and the Union which set out the existing terms and conditions of Beaupre’s employment. Specifically, this contract set out the terms and conditions for the payment of wages and other contractual benefits such as vacation time and holidays that are directly related to the subject matter of the Complaint.
Accordingly, Count II must be dismissed as a matter of law.
Count III, M.G.L.c. 149, §148
G.L.c. 149, §150 states in relevant part:
Any employee claiming to be aggrieved by a violation of section 148, 148A, 148B, 159C, 152, 152A or 150C or section 19 of chapter 151 may, at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits. An employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of the litigation and reasonable attorney fees.
It is clear that the Plaintiffs civil suit against the Town to recover wages he asserts was withheld in violation of G.L.c. 149, §148 was not timely filed. Pursuant to G.L.c. 149, §150, a civil suit must be filed by an employee within three (3) years of a violation. Beaupre did not commence suit against the Town until June 2005, six (6) years from the date of Beaupre’s disability retirement and the end of the period in which the violation was alleged. Although Plaintiff has responded that G.L.c. 149, §148 is applicable because Defendant is still liable under contract theory with a statute of limitations of six (6) years, this is covered by Count I — breach of contract claim. Even in the light most favorable to the Plaintiff, it is clear that Beaupre did not timely file his complaint pursuant to G.L.c. 149, §150.
Accordingly, Count III of the complaint is barred by the statute of limitations and is dismissed.