### Thomas Loring vs. George Whittemore, Executor.

A bond, having indorsed upon it a parol agreement signed by both parties, varying its terms, and also a subsequent sealed agreement, executed by both parties, by which the time of performance is extended and " the foregoing bond is acknowledged to be in full force in every respect for the time here stated," is a sealed instrument, and an action thereon is not barred, by the statute of limitations, in six years.

It seems, that where all matters in dispute are submitted to arbitration by mutual bonds to perform and abide by the award, and the award is that one party shall convey certain notes and accounts to the other, and shall recover a certain sum from the other in full of all demands, he may maintain an action on the other's bond, to enforce payment of that sum, without showing a transfer of the notes and accounts.

An award that one party to the submission is entitled to certain land does not require the other party to make any conveyance or assurance thereof to him.

In an action on an arbitration bond, if the defendant, having the bond in suit in his possession, refuses to produce it on notice, the plaintiff may prove its contents by the counter bond in his own possession, and oral evidence.

An agreement under St. 1857, c. 267, waiving a trial by jury, submits the facts to the determination of the presiding judge.

Action of contract, commenced on the 29th of April 1857 upon a bond executed by Nathaniel Whittemore, the defendant's testator, on the 20th of June 1841, to perform and abide by the award of Francis G. Ford, Edward Thaxter and Luther J. Barnes, concerning the settlement of the partnership of Loring & Whittemore, and all other matters in dispute between them ; " the award of said arbitrators to be made known in writing to the parties, and delivered by said arbitrators to each of them on or before the first day of July next ensuing." Upon the bond were indorsed several agreements under seal, extending the time within which the award should be made ; an agreement, not under seal, dated December 2d 1841, by which the parties " agree to substitute James C. Doane, of Cohasset, as

one of the referees, in place of Edward Thaxter, deceased; " and a sealed agreement, dated December 27th 1841, by which the time is further extended to the 1st of March 1842, " and the foregoing bond is hereby acknowledged to be in full force and virtue in every respect for the time here stated for the extension of the time for the final award and determination of said reference."

The declaration alleged that by this bond, and by a counter bond executed by the plaintiff, and by the subsequent agreements, the parties submitted their disputes to arbitration; that the arbitrators awarded that Loring should transfer to Whittemore certain notes and accounts taken by Loring upon a division of the partnership property, and that each party should thenceforward hold at his own risk all notes and accounts so taken; " that said Whittemore is entitled, in right of his wife, to one quarter part of" certain land; and that Loring recover of Whittemore a certain sum in full of all demands. The award was dated January 31st 1842.

Answer, that the cause of action did not accrue within six years; that the defendant was ignorant whether the bond and subsequent agreements were ever given by the defendant's testator to the plaintiff, or whether such award was ever made; that, if the bond was ever given, it was afterwards discharged and satisfied, and delivered up to said testator, and the award, if ever made, had been performed on his part; and that the plaintiff had never conveyed to said testator the notes and accounts, or conveyed or assured to him, in right of his wife, the quarter part of the land in question, as by the award he was bound to do.

The parties waived a jury trial, under *St.* 1857, *c.* 267, and the cause was heard in Plymouth, by *Metcalf*, J., who reported the case, and " reserved all the questions arising thereon for the consideration of the full court."

The plaintiff's counsel read a notice which had been duly served on the defendant, requiring him to produce the bond signed by his testator, (which was admitted to be in his possession,) and, not receiving it, he offered in evidence a bond signed

by the plaintiff, precisely like the one declared upon, and having like agreements indorsed thereon, and executed by both parties, and also a paper purporting to be an award of the referees. The defendant objected, because the bond was not that declared on. The plaintiff contended that the paper purporting to be an award was a duplicate of the original; and he claimed the right to use the bond signed by himself, for the purpose of showing, by the agreements indorsed thereon, and by oral evidence, the contents of the bond declared upon ; the two bonds having, as he contended, changed hands, without having been discharged, or the money awarded paid. The judge admitted the evidence.

The judge reported the whole testimony, and reported, " as facts proved, the facts to which the witnesses testified," in substance as follows :

There were two bonds before the referees, precisely alike " except the reversal of the parties," of which the bond introduced by the plaintiff, with the. indorsements upon it, was one. Two copies of the award were made, and one given to each party, of which the award introduced by the plaintiff was one. Immediately upon the making of the award, or within a day or two afterwards, the plaintiff's bookkeeper (who had charge and possession of all his papers) received from him, and had since kept the bond and award now produced by the plaintiff; but neither he, nor the plaintiff, to his knowledge, had had possession of the accounts mentioned in the award. The plaintiff's books showed no entry of any payment on the award. At the close of the hearing before the referees, the books and papers of the firm of Loring & Whittemore were taken to Whittemore's shop, and Loring did not have possession of them until after Whittemore's death, when he received some of them back. Whittemore's bookkeeper had no remembrance of any payment by Whittemore upon the award. Whittemore very frequently spoke of the award as unjust, and declared his intention never to pay it. Some other evidence offered by the plaintiff was rejected. The defendant called no witnesses.

The judge's report concluded thus : " On the papers above

referred to, and the facts testified to by the several witnesses as above referred to, my opinion was that the plaintiff was entitled to recover, supposing the rulings as to the reception and rejection of evidence to have been right. But, at the request of the defendant's counsel, this report is made, and the whole court will dispose of the case as the law shall be found to require."

This case was argued at Boston in January last.

*L. Shaw, Jr. (J. J. Clarke* with him,) for the defendant, was first called upon. 1. If this action is on the bond, and to be deemed as corresponding to the common law action of debt on bond, or of covenant on deed of submission, it must fail; for the contract to submit to Thaxter and others, contained in the sealed instrument, was at an end when the parol agreement of submission to Doane and others was made. The specialty, in such a case, is merged and incorporated in the subsequent parol agreement, and the only remedy is by action on the entire parol agreement. *Brown* v. *Goodman,* 3 T. R. 592, *note. Littler* v. *Holland,* 3 T. R. 590. *Greig* v. *Talbot,* 2 B. & C. 179. *Heard* v. *Wadham,* 1 East, 629, 630. *Vicary* v. *Moore,* 2 Watts, 456. *Luciani* v. *American Fire Ins. Co.* 2 Whart. 167. *Freeman* v. *Adams,* 9 Johns. 115. *Langworthy* v. *Smith,* 2 Wend. 587. *Jewell* v. *Schroeppel,* 4 Cow. 564. *Myers* v. *Dixon,* 2 Hall (N. Y.) 456. *Brown* v. *Copp,* 5 N. H. 346. *Peters* v. *Johnson,* 3 Har. & Johns. 291. If this action is on the parol agreement, and corresponds either to debt on the award, or assumpsit on the agreement, it is barred by the statute of limitations.

2. The delivery of the notes and accounts to Whittemore, and the performance of the acts required by the award, were conditions precedent to the plaintiff's recovery of the money; or were, at least, concurrent acts with the payment to him; and therefore the declaration should aver that he was ready and willing to deliver them. *Huy* v. *Brown,* 12 Wend. 591. *Matthews* v. *Matthews,* 2 Curt. C. C. 117. *Shearer* v. *Handy,* 22 Pick. 417. *Tinney* v. *Ashley,* 15 Pick. 546. *Pomeroy* v. *Gold,* 2 Met. 500. *Dana* v. *King,* 2 Pick. 155. *Giles* v. *Giles,* 9 Ad. & El. N. R. 164. *Doogood* v. *Rose,* 9 C. B. 132. *Kunckle* v. *Kunckle,* 1 Dall. 365.

3. Unless the plaintiff was owner of the bond declared on he had no right to put it in suit. In general, ownership of an instrument declared on, and the right to put it in suit, are sufficiently proved by the possession and production of the instrument by the plaintiff. *Pettee* v. *Prout*, 3 Gray, 502. Possession by the defendant gives rise to a presumption that he is the owner of it, and that, consequently, the plaintiff has no right to sue upon it. 1 Greenl. Ev. § 38, & cases cited. 2 Greenl. Ev. § 527, & cases cited. That presumption is conclusive in this case, because the plaintiff could not maintain an action for the bond, on account of the statute of limitations. Or, if not absolutely conclusive, it requires evidence of the most convincing character to rebut it.

4. The court should not have admitted secondary evidence of the contents of the bond. It is always a question in the legal discretion of the court whether a party shall be permitted to introduce such evidence, and if its admission will not promote justice and equity, they will exclude it. *Page* v. *Page*, 15 Pick. 374. *Rogerson* v. *Neal*, 16 Pick. 370.

*J. A. Andrew*, for the plaintiff.

DEWEY, J. 1. The question of the character of the contract between these parties for the submission of certain matters in dispute to arbitrators, who made an award thereon, is doubtless of importance in reference to the statute of limitations. It is contended on the part of the defendant, that although the original contract was under the seals of the parties, and would have been subject only to the statute limitation of twenty years, yet, in consequence of the supplemental agreement made by the parties in writing, but not under seal, under date of December 2d 1841, substituting James C. Doane as one of the referees instead of Edward Thaxter, the specialty was thereby merged and incorporated in the subsequent agreement without seal, and thus assumed the character of a simple contract. Had the case been that of this subsequent contract alone, modifying and materially changing the sealed contract of submission, that consequence might have followed. But such was not the fact. The parties, on the 27th of December 1841, added to the writing

of December 2d a further modification of their previous submission, and this supplementary writing virtually recognizes all the previous stipulations as to the submission, and is under the hands and seals of the parties. The whole contract thereby assumed the nature of a contract under seal, and is to be dealt with as such.

2. It is then further urged that the plaintiff cannot maintain the present action, because he has not shown a performance on his part of the duties required by the award. We are not satisfied that it was necessary, in this action, for the plaintiff to show a performance of any acts by himself, in reference to the notes and accounts which were awarded to Whittemore. Each party had the separate bond of the other for the due performance of the award by each, and might enforce such performance. Further; from the evidence, the judge might well have found that these notes and accounts were placed in the hands of Whittemore, and this was all the transfer of them required to authorize Whittemore to apply the same to his own use.

As to the land, the award declares a right of property, but does not require any new or further conveyance to be made by Loring; and there is nothing in the case to show that such was the purpose of the referees.

3. In the position of the case, the presiding judge properly admitted the evidence of the bond signed by the plaintiff for the purposes for which it was used.

4. It should be remarked that, in this case, the parties, having waived a trial by jury, thereby submitted the questions of fact to the determination of the presiding judge.

Upon the whole case, the court are of opinion that judgment should be entered for the plaintiff.