MARGARET L. GOULD & others[1] *vs.* CITY COUNCIL OF
NEWBURYPORT & others.[2]

Essex. May 18, 1984. — June 25, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Municipal Corporations,* Lease of municipal property, Home rule. *Referendum. Laches. Words,* "Measure."

A vote passed by a city council authorizing the mayor of the city to enter into
a lease of certain municipally owned property was a "measure" subject
to the referendum provisions of G. L. c. 43, § 42. [303-304]

A referendum petition challenging a city council's vote authorizing a lease
of certain municipally owned property was not barred on the ground
that no challenge had been made to the council's earlier vote to seek
legislation allowing a lease for a term in excess of the statutory maximum.
[304]

CIVIL ACTION commenced in the Superior Court Department
on September 29, 1983.

The case was heard by *Mulligan,* J., on a statement of agreed
facts and was reported by him to the Appeals Court. The
Supreme Judicial Court ordered direct review on its own initiative.

The case was submitted on briefs.

*Christopher M. Welch & E. Douglas Bolick* for the plaintiffs.

*Richard B. Jones,* City Solicitor, for the defendants.

*Hugh J. Doyle,* for Newburyport Redevelopment Authority,
amicus curiae.

WILKINS, J. The plaintiffs seek an order requiring the city
council of Newburyport to submit to the city's registered voters
for a referendum vote an alleged measure adopted by the city
council authorizing the mayor to enter into a long-term lease

---

[1] John Battis and Phillip J. Stern.

[2] The mayor of Newburyport and the city of Newburyport.

of premises formerly used as the city's central fire station.[3] The principal issue in this case, which a judge of the Superior Court reported without decision to the Appeals Court on a statement of agreed facts and we transferred here on our own motion, is whether the vote of the city council is a "measure" subject to a referendum under G. L. c. 43, § 42. We conclude that it is such a "measure."

On August 8, 1983, the city council authorized the mayor to execute a lease of the premises to a limited partnership. The plaintiffs seasonably filed a petition, signed by a sufficient number of voters, under G. L. c. 43, § 42, seeking rescission of the city council's action and, failing that, submission of the matter to the voters. On September 26, 1983, following receipt of an opinion of the city solicitor that the subject of the petition was not suitable for referendum action, the city council did not rescind its vote and did not submit the matter to the city's voters.

"The body having general power to authorize the lease . . . of lands was the city council." *Elbe File & Binder Co.* v. *Fall River,* 329 Mass. 682, 684 (1953). See *Sancta Maria Hosp.* v. *Cambridge,* 369 Mass. 586, 592 (1976). No defendant contends that the city, acting through the mayor, could enter into a lease of the premises without city council authorization. Section 42 of G. L. c. 43 sets forth procedures by which a sufficient number of registered voters may suspend a "measure," require the city council to reconsider, and, if the city council does not rescind it, oblige the city council to submit the measure to the vote of the registered voters of the city. The vote of the city council was a "measure" subject to the referendum procedure. The word "measure" appearing in § 42 is defined in G. L. c. 43, § 37, as including "an ordinance, resolution, order or vote passed by a city council." Although matters beyond the authority of a city council are not subject to the referendum procedures of § 42, even if purportedly

---

[3] Following receipt of a home rule petition from the city council in November, 1982, the Legislature authorized the city to lease the premises for a term longer than the ten-year period for municipal leases permitted under G. L. c. 40, § 3. See St. 1983, c. 14, effective March 28, 1983.

adopted by a vote (*Dooling* v. *City Council of Fitchburg*, 242 Mass. 599, 601 [1922]), and although certain other actions taken by a city council in particular circumstances may not fall within the intent of the referendum law, we have no hesitancy in concluding that a vote of a city council authorizing the lease of municipally owned real estate is a measure within the meaning of G. L. c. 43, § 42. It is a "vote passed by a city council" (G. L. c. 43, § 37) carrying out a legislative function. The vote does not direct the execution of the lease. Nor does the vote dictate the terms of the lease in a way improperly restrictive of the mayor's executive functions. See *Elbe File & Binder Co.* v. *Fall River, supra.*

The petition was filed seasonably. The plaintiffs are not barred by laches on the ground that they did not challenge the proposed lease when the city council voted to seek legislative authorization for the city to enter into a long-term lease.

A judgment shall be entered declaring that the August 8, 1983, vote authorizing the lease of the premises described in that vote is a measure within the meaning of G. L. c. 43, § 42, and that, unless the city council shall first rescind that vote, the measure must be submitted to the registered voters of the city of Newburyport pursuant to G. L. c. 43, § 42.

*So ordered.*