GUIDO GENNARI *vs.* CITY OF REVERE & others.[1] February 26, 1987.
*Municipal Corporations*, Disposition of property. *Practice, Civil*, Dismissal.

Although the plaintiff, Gennari, offered the highest bid, $60,150, the city of Revere conveyed a 10,910 square foot parcel of land (the locus) to abutters of the locus, the Kellys, who had bid $57,750. Gennari asks for declaratory relief under G. L. c. 231A to the effect that, as the highest bidder, he was entitled to buy the locus, and injunctive relief requiring that the Kellys convey the locus to him. Judgment entered dismissing the action as to all defendants.

1. *Bid requirements.* There is no common law rule or State statute which requires disposition of land by a municipality to the highest bidder. See G. L. c. 39, § 1, and c. 40, § 3. See also G. L. c. 40, § 1. Cf. *Nichols* v. *Lynn*, 371 Mass. 878, 879-880 (1977). The sale of land by a municipality is a legislative function, *Sancta Maria Hosp.* v. *Cambridge*, 369 Mass. 586, 592 (1976), and the legislative body of a city or town has broad discretion in establishing the criteria for selecting a buyer and setting the terms of sale. See 10 McQuillin, Municipal Corporations § 28.37 (3d ed. rev. 1981). Cf. *Elbe File & Binder Co.* v. *Fall River*, 329 Mass. 682, 683-684 (1953); *Gould* v. *City Council of Newburyport*, 392 Mass. 302, 303-304 (1984). Revere's city council adopted and published a "Policy on the Sale of City Owned Land," a copy of which was attached to Gennari's amended complaint. No rational reading of Revere's land sale policy compels the city to sell to the highest bidder. To the contrary, the policy gives first preference to abutters of parcels of city land put up for sale, apparently consistent with an objective stated in the policy to bring lots up to minimum size. In addition to the express bias in favor of abutters of city land offered for sale, the land sale policy recites objectives other than, and potentially inconsistent with, a highest price criterion. Those are: encouraging sound planning; conformance with ecological and environmental standards; and having the city receive "at a minimum" the assessed value of the property for sale.

2. *Procedural points.* The dispositive issue was raised on a motion to dismiss for failure to state a claim on which relief can be granted. Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). A plaintiff need surmount only a minimal hurdle to survive a motion for failure to state a claim, *Bell* v. *Mazza*, 394 Mass. 176, 184 (1985), and dismissals on the basis of pleadings, before facts have been found, are discouraged. *Fabrizio* v. *Quincy*, 9 Mass. App. Ct. 733, 734 (1980). In the case before us, however,

---

[1] Lance Kelly and Diane Kelly.

the facts pleaded in the amended complaint, which include by reference the text of Revere's land sale policy, determine the case against the plaintiff. Those facts show compliance with the policy and qualification by the Kellys for abutter priority status. Although the Kellys did not move to dismiss the action, the claim against them was entirely derivative, i.e., no relief could lie against them if the city had acted lawfully. It was proper to enter judgment in their favor. Nothing in *Temple* v. *Marlborough Div. of the Dist. Court*, 395 Mass. 117, 120 n.4 (1985), is to the contrary. The case was rightly decided. However, when a complaint asks declaratory relief, the court should ordinarily declare the rights of the parties, rather than dismiss the action for failure of the complaint to state a claim on which relief can be granted. *Mayor of Salem* v. *Warner Amex Cable Communications Inc.*, 392 Mass. 663, 669 (1984). *Larkin* v. *Charlestown Sav. Bank*, 7 Mass. App. Ct. 178, 181 & n.6, 186 (1979). *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. 668, 676 (1981). On the declaratory judgment prong of the action, the judgment of dismissal is to be vacated, and a new judgment shall be entered declaring that the plaintiff is not entitled to conveyance of the locus.

*So ordered.*

*Carl K. King* (*Louis J. Scerra* with him) for the plaintiff.
*Leonard E. Pass* for Lance Kelly & another.
*Ira H. Zaleznik* for the city of Revere.