Donohue, J.
INTRODUCTION
Plaintiff, O’Connor Cafe of Worcester, Inc. dba Leitrim Pub (Leitrims) as Assignor to Geraldine Bolden has filed a bad faith/unfair claims settlement practices action against Defendant, Liquor Liability Joint Underwriting Association of Massachusetts (LLJUA). Defendant has moved to dismiss Plaintiffs claim pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the defendant’s motion to dismiss is allowed.
BACKGROUND
This action arises out of an underlying civil suit brought by Geraldine Bolden, individually and as guardian of Lynn Bolden against O’Connor Cafe of Worcester, Inc. dba Leitrim Pub (Leitrim’s). In that case, Geraldine Bolden claimed that Leitrim’s had negligently served alcohol to Maria Little, a patron of Leitrim’s, on the night of March 9, 1990 and into the early morning of March 10, 1990. Bolden further claimed that Leitrim’s negligence in serving Maria Little caused Maria Little to have an automobile accident on the early morning of March 10, 1990. As a result of this automobile accident, Lynn Bolden suffered serious injury. In their suit against Leitrim’s, the Boldens obtained a judgment in excess of $21 million.
After obtaining this judgment against Leitrim’s, Leitrim’s negotiated an assignment and release agreement with the Boldens. Under this agreement, the Boldens agreed to release Leitrim’s from Leitrim’s obligation to pay the Boldens the judgment the Boldens obtained against Leitrims. Leitrim’s, in exchange, assigned to the Boldens all of the rights, title and interest in any and every claim that Leitrim’s may have had or may have thereafter acquired, against Liquor Liability Joint Underwriting Association of Massachusetts (LLJUA), LLJUA’s insurance defense counsel, LLJUA’s agents, LLJUA’S servants or LLJUA’s employees, for the alleged failure to settle the Bolden suit within the limits of the LLJUA Liability insurance policy and to adequately indemnify and protect Leitrim’s for that claim.
Armed with the assignment and release agreement, on or about December 1, 1997, the Boldens sent a demand letter to LLJUA pursuant to G.L.c. 93A. This letter stated that Leitrim’s had assigned to the Boldens “any and all rights” that Leitrim’s possessed and could have asserted against LLJUA. This letter further alleged that the LLJUA had acted in bad faith by failing to offer its policy limits and by failing to advise Leitrim’s of the status of settlement negotiations.
OnApril30,1998, the Boldens sued LLJUA under G.L.c. 93A and the common law for bad faith/unfair claims settlement practices, hi that suit, the Boldens alleged that they possessed the rights of lawful assignees of any and all claims that Leitrim’s Pub had against LLJUA arising out of the insurance policy in effect on March 10, 1991 between Leitrim’s and LLJUA. The Boldens further alleged that the LLJUA failed to make a reasonable offer of settlement when Leitrim’s liabilify was reasonably clear. This suit is currently pending in this court.
On June 4, 1999, Leitrim’s filed suit against the LLJUA. The claims Leitrim’s made against LLJUA were virtually identical to the allegations brought by the Boldens against LLJUA in the Boldens’ April 30, 1998 action. Each one of the parties’ complaints alleges violations of c. 93A; alleges a breach of implied warranty of good faith and fair dealing; alleges that LLJUA’s liabilify arises from its failure to make a reasonable offer of settlement when the liability of Leitrim’s was reasonably clear; and alleges that the LLJUA failed to keep Leitrim’s informed of settlement demands and offers. Likewise, the same attorneys represent both the Boldens and Leitrim’s.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “The Plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). “[Dismissals on the basis of pleadings, before facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987), citing Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (citations omitted). The complaint must be accorded a “generous reading.” New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988).
*480 A dismissal is appropriate where the plaintiff does not have standing to bring suit or if the party bringing suit is not the real party in interest. The plaintiff in the case at bar does not have standing to bring suit because plaintiff assigned all of its claims to the Boldens. The plaintiff, therefore, parted with all of its rights in any potential claims it may have had against LLJUA when plaintiff executed its assignment of claims to the Boldens.
The Massachusetts Appeals Court in Genesco, Inc. v. Kaufman, 11 Mass.App.Ct. 986 (1981), affirmed the grant of summary judgment in favor of a lessor because the lessee who brought suit against the lessor had assigned to a third party “all of its right, title, and interest in all claims” which the lessee could have asserted against the lessor. Similarly, in Provident Cooperative Bank v. James Talcott, Inc., 359 Mass. 180 (1970), the Massachusetts Supreme Judicial Court held that a bank that assigned a mortgage and underlying promissory note to a third party had neither standing nor any further interest in a priority dispute.
The assignment agreement that Leitrim executed in favor of the Boldens in the case at bar shares striking similarities to the assignment the lessee executed to a third party in Genesco. The assignment agreements in each of the cases contain virtually identical language relating to quantum of rights and claims assigned. Leitrim’s assignment, like the assignment in Genesco, assigned all of Lietrim’s rights, title and interest in any and every claim that Leitrim had or may have had against LLJUA (emphasis added). Leitrim, therefore, like the lessee in Genesco, no longer possessed any potential claim against LLJUA following the valid assignment of Leitrim’s claim to the Boldens. The Boldens, therefore, not Leitrim, possess the claims against LLJUA.
Not only does Leitrim lack standing to bring suit against LLJUA, it also fails to qualify as a party in interest under Mass.R.Civ.P. 17, which establishes the principle that claims must be prosecuted in the name of the person who by substantive law possess the right to be enforced. Rule 17(a) states that the beneficiary of a valid assignment qualifies as a real party in interest. If the assignment is total, the assignee qualifies as the only real party in interest and only he may maintain the action. James W. Smith and Hiller B. Zobel, 7 MASSACHUSETTS PRACTICE RULES PRACTICE (1975), at S. 17.5.
In this case, as mentioned above, Leitrim’s specifically assigned all of its rights in any action it could have brought against LLJUA to Boldens. Leitrim’s does not dispute this fact. Pursuant to Mass.R.Civ.Pro. 7(a), therefore, the Boldens qualify as the only real parties in interest in this case. Consequently, only the Boldens, and not Leitrim’s can maintain an action against LLJUA.
ORDER
For the forgoing reasons, the Defendant’s motion to dismiss is ALLOWED.