Borenstein, J.
The plaintiffs, Catherine and John Calianos, commenced this action against defendant, Mutual Builders, Inc., alleging Breach of Contract (Count I), Negligence (Count II), Breach of Warranty (Count III), Breach of Implied Warranty (Count IV), Chapter 93A (Count V), and Chapter 93A (Count VI). The defendant has moved to dismiss Counts II, IV and VI of Plaintiffs’ First Amended Complaint pursuant to Mass.R.Civ.P. 12(b)(6). In support of its motion, defendant states the following: 1) plaintiffs’ negligence claim is barred by the three-year statute of limitations; 2) plaintiffs cannot assert a breach of implied warranty where plaintiffs already assented to a one-year express warranty that has since expired; and 3) the only unfair and deceptive act alleged by plaintiffs is defendant’s failure to meet plaintiffs’ settlement demands, which is not admissible as evidence and therefore cannot form the basis of a claim under Chapter 93A. For the reasons set forth below, the defendant’s motion is DENIED as to all counts.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1992). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). “Dismissals on the basis of pleadings, before facts have been found are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987).
In the instant case, the defendant moves to dismiss three counts of Plaintiffs’ First Amended Complaint. Each count will be addressed separately.
A. Count II — Negligence
According to defendant, the house, which is the subject of this action, was substantially completed on or about April 16, 1996. The defendant argues that because there is a three-year statute of limitations on negligence claims, any negligence in the building of the house would have to have occurred on or before April 16, 1996. Consequently, defendant contends that the statute of limitations has expired on this claim.
In response to defendant’s argument, plaintiffs correctly state that “generally a cause of action accrues at the time of injury.” White v. Peabody Construction *736 Co., Inc., 386 Mass. 121, 129 (1982). Likewise, where the cause of action is not discoverable, the action does not “accrue until the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant’s conduct.” Id.
According to plaintiffs, the alleged defects that form the basis of this action were not discovered, nor could they reasonably have been discovered until plaintiffs received an engineer’s report on February 9, 1999. The injury resulted when defendant refused to adequately remedy the defects. Thus, plaintiffs contend that the cause of action accrued after April 16, 1996 when the home was substantially complete.
Plaintiffs further argue, and the Court agrees, that because the original complaint was filed on April 15, 1999, it is clearly within the limitations period. Furthermore, pursuant to Mass.R.Civ.P. 15(c), Count II in the original complaint relates back to Count II in the Amended Complaint because they are materially identical. The Court must therefore deny defendant’s motion to dismiss the negligence claim.
B. Count IV — Breach of Implied Warranty
It is the defendant’s position, without any citation to authority, that because the defendant expressly limited the warranty period to one year, and the plaintiffs agreed to those terms, the plaintiffs cannot now claim that an implied warranty existed which exceeded that period.
The cases cited by plaintiffs support their contention that a claim for breach of the express warranty is separate and distinct from a claim for breach of the implied warranty. Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engrs., Inc., 396 Mass. 818, 823 (1986). The former is generally a contract action, whereas the latter is generally a tort action. Klein v. Catalano, 386 Mass. 701, 720 (1982). Consequently, the defendant’s motion to dismiss the breach of implied warranty claim is denied.
C. Count VI — Chapter 93A
Defendant moves to dismiss this count on the basis that- plaintiffs have attached Exhibits E (plaintiffs’ demand letter pursuant to Chapter 93A) and F (defendant’s response) which, defendant contends, reveal settlement negotiations that can never be admitted as evidence. Plaintiffs argue in response that pursuant to M.G.L.c. 93A §9(3), it must be established that a written demand for relief was sent to defendant, in which the unfair and deceptive acts or practices and resulting injuries are described. Thus, plaintiff contends, this objective necessitates the attachment of Exhibit E. Similarly, in anticipation of defendant’s argument that it tendered reasonable relief,[1] plaintiffs suggest that they have attached Exhibit F (the defendant’s tender), because they claim it is the core of their 93A claim.
Defendant has failed to demonstrate that the information contained in these documents is unfairly prejudicial and irrelevant to a cause of action under Chapter 93A. In the Court’s view, both of the exhibits are necessary to establish a claim of unfair and deceptive practices pursuant to M.G.L.c. 93A, §9(3). Accordingly, defendant’s motion to dismiss plaintiffs’ Chapter 93A claim is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s Motion to Dismiss is DENIED as to all counts.

 Under Chapter 93A §9(3), the defendant has the burden of proof on whether tender was reasonable.