Connor, John P., J.
‘The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Massa, 394 Mass. 176, 184 (1985). When evaluating the sufficiency of a *504 complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissals on the basis of pleadings, before facts have been found, are discouraged. Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987).
In this case the plaintiff is attempting to enforce 1990 unsealed modifications to a 1988 guaranty to a promissory note. The defendants argue in their motion to dismiss that the 1990 modifications are subject to a six-year statute of limitations which has expired before the present complaint was filed in 2005. The plaintiff argues that the 1990 unsealed instrument merges with the 1988 sealed guaranties and are enforceable as sealed instruments subject to a twenty-year statute of limitations.
The parties agree that a sealed instrument can be modified by an unsealed instrument. Loring v. Whittemore, 79 Mass. 228 (1859); Tashjian v. Karp, 277 Mass. 42, 45-46 (1931). They disagree on whether both are merged as sealed or unsealed instruments. There have been no decisions which deal with this precise issue, however, both parties rely on Beach v. Beach, 141 Conn. 583 (1954), as providing practical guidance. The Connecticut Court in reconciling the original guaranty under seal with a subsequent unsealed modification turned to the intent of the parties “expressed in their written agreement” as the critical factor in determining when they both take on the character of a sealed or unsealed instrument. Id. at 594. The modifications executed by the defendants in this case convert their joint and several limited liability into split and limited liability for each guarantor contingent upon exhaustion of the borrower’s assets. While the plaintiffs theoiy has not been affirmed by our appellate courts, it has also not clearly been rejected and therefore the Motion to Dismiss must be DENIED. See, New England Insulation Corp. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988).