MacDonald, D. Lloyd, J.
The defendant’s motion is ALLOWED for the reasons that follow.
Pertinent Facts
This case involves a November 7, 2006 foreclosure auction in which the plaintiff, Jason A. Rae (“Rae”) was the winning bidder for the property located at 11 Mercer Street in South Boston. Rae agreed to purchase the property for $295,000.00, with closing set for November 22, 2006. Following the sale, Rae and J.P. Morgan Chase Bank, as Trustee Under the Pooling and Servicing Agreement Dated as of March 1,2003, ABFS Mortgage Loan Trust 2003-1 (“Chase”) signed a Memorandum of Terms and Conditions (“the Memorandum”), and Rae tendered the required $10,000.00 deposit. The parties do not dispute any of the material facts.
Copies of the Memorandum and the other documents discussed here are attached to the plaintiffs complaint.[1] The third paragraph on the first page of the Memorandum states, “If the mortgagee does not convey title to the Buyer for any reason, the mortgagee’s sole responsibility shall be the return of deposit paid. The Buyer shall have no further recourse against the mortgagee, the mortgagee’s attorney or the auctioneer.” The Memorandum also provides that the “Buyer acknowledges that no representations or warranties of any kind whatsoever, other than those set forth herein, have been made by or on behalf of the mortgagee.”
A signed acknowledgment document is attached to Rae’s complaint. It provides, in pertinent part, that the highest bidder has “read [sic] Memorandum of Sale, specifically the terms and conditions of the Financing Contingency contained therein.” The document continues, “I will strictly adhere to the terms and conditions contained under the Financing Contingency and understand that I/we will be in material default of the contract and will lose my/our deposit if we fail to adhere to all requirements.”
On November 20, 2006, Ablitt & Charlton, P.C. (“Ablitt”), the law firm handling the foreclosure proceedings, sent Rae a letter advising him that its client was “rescinding” the sale and returning Rae’s $10,000.00 deposit. Rae’s counsel replied on the same date, via facsimile, that Chase could not “rescind” the sale under the terms of the parties’ contract, and advised Ablitt that Rae and his counsel would be present at Ablitt’s offices at noon on November 22, 2006, ready, willing and able to complete the purchase according to the terms of the Memorandum. When Rae and his counsel arrived at Ablitt’s offices to tender the remainder of the purchase price, they were again informed that Ablitt’s client would not be proceeding with the sale, and were asked to leave. Forty-five days after Ablitt returned his deposit, Rae deposited the refund check, written on Ablitt’s IOLTA account, into his bank account. The parties do not dispute that Ablitt’s check cleared and that Rae has been refunded the full amount of his deposit.
On January 2, 2007, Rae commenced this action. Count I is a claim for breach of contract. Count II is a claim for quantum meruit. Count III requests specific performance of the contract, and Count IV is a claim for a declaratory judgment. Countv. asserts violations of G.L.c. 93A, the Consumer Protection Act.
Thereafter, the court (Sanders, J.) allowed Rae’s motion for lis pendens, because the defendant did not appear at the hearing. The record indicates that Rae’s counsel first served Ablitt, who notified Chase of the litigation; Ablitt then advised Rae that Chase had only authorized it to act in the foreclosure proceedings, and that it was not authorized to act in the case at bar; Chase subsequently retained separate counsel.
This matter is before the Court on the defendant’s Special Motion to Dismiss Verified Complaint and Dissolve Lis Pendens, pursuant to Mass.R.Civ.P. 12(b)(6) and G.L.c. 184, §15(c).
Legal Standard
1. When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). “[Dismissals on the basis of the pleadings, before facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987) (internal citation omitted). A “complaint should not be dismissed unless it *326 appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (internal quotation omitted).
Chase has also moved to dismiss and to dissolve the lis pendens pursuant to G.L.c. 184, §15(c), which authorizes a special motion to dismiss and expedited dissolution of an unjustified memorandum of lis pen-dens. The statute provides, in pertinent part,
[a] party may also file a special motion to dismiss the claimant’s action if that party believes that the action or claim supporting the memorandum of lis pendens is frivolous. The special motion to dismiss . . . shall be heard at the same time as the hearing on the motion to dissolve the memorandum of lis pendens. If the court determines that the action does not affect the title to the real property or the use and occupation thereof or the buildings thereon, it shall dissolve the memorandum of lis pendens. The special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds. In ruling on the special motion to dismiss the court shall consider verified pleadings and affidavits, if any, meeting the requirements of the Massachusetts rules of civil procedure.
See Galipault v. Wash Rock Investments, LLC, 65 Mass.App.Ct. 73, 80-81 (2005), quoting Wolfe v. Gormally, 440 Mass. 699, 705 (2004) (noting that the 2002 amendments to G.L.c. 184, §15 were intended to provide a “mechanism for expedited removal of an unjustified lis pendens, including dismissal of frivolous claims supporting an approved lis pendens”).
Discussion
Rae argues that the contract termination language “buried in the memorandum” is ambiguous and intentionally vague, that the right to terminate the contract is “not limitless,” and that Chase breached the contract when it refused to proceed with the sale. The Court concludes the contrary.
When a contract is unambiguous, its interpretation is strictly a matter of law. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). Where the words of a contract are clear and free from ambiguity, the parties are bound by its plain terms. Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992); Massachusetts Municipal Wholesale Elec. Co. v. City of Springfield, 49 Mass.App.Ct. 108, 111 (2000). The unambiguous words of a contract are construed in accordance with their usual and ordinary meaning, giving a reasonable meaning to each term of the contract, and construing all parts of the contract together. Polaroid Corp. v. Rollins Environmental Serv., Inc., 416 Mass. 684, 690 (1993); New York, New Haven & H.R. Co. v. Walworth Co., 340 Mass. 1, 3-5 (1959); Brillante v. Granger & Sons, Inc., 55 Mass.App.Ct. 542, 548 (2002).
A contract is ambiguous only if its terms are susceptible to more than one meaning and reasonably intelligent people could differ as to their proper meaning. Diamond Crystal Brands, Inc. v. Backleaf, LLC, 60 Mass.App.Ct. 502, 505 (2004). Ambiguity does not exist merely because the parties dispute the meaning of a contract’s terms. Suffolk Constr. Co., Inc. v. Lanco Scaffolding Co., Inc., 47 Mass.App.Ct. 726, 729 (1999). The object of the court is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background and purpose." USM Corp. v. Arthur D. Little Systems, Inc., 28 Mass.App.Ct. 108, 116 (1989).
In the case at bar, despite Rae’s repeated assertions that the language is vague, ambiguous or unclear, the language of the termination provision is clear and unequivocal. The contract provides that, “If the mortgagee does not convey title to the Buyer for any reason, the mortgagee’s sole responsibility shall be the return of deposit paid.” Justice, common sense and the probable intention of the parties are guides to the construction of a written contract. City of Haverhill v. George Brox, Inc., 47 Mass.App.Ct. 717, 720 (1999). A reasonable person could not interpret the words “for any reason” to mean “only if clean title cannot be conveyed.”
In his papers Rae asserts that he is an experienced auction buyer. This does not help him. “Where a sophisticated and knowledgeable party chooses to embody its relationship in a simple written instrument ... it is entitled to and should be held to the contractual language it chose. The Court should be careful not to impose its own views on the contracting parties or to let matters outside the four comers of the instrument that are specifically anticipated and addressed within the agreement overwhelm or change the contract itself.” USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass.App.Ct. 108, 116(1989).
Here, Rae signed a short agreement that clearly provided, on the first page, that Chase could terminate the sale for any reason prior to closing, and, if so, his deposit would be refunded. He also signed a statement affirming that he had read the Memorandum and agreed to abide by all of its terms. If he found any of the terms unclear, he could have requested clarification prior to signing the document. Nothing in the termination provision, however, appears unclear, vague, or ambiguous. The termination provision that the Chase may terminate the sale for “any reason” is straightforward and open to only one rational interpretation. Because Rae cannot establish a breach of contract, Counts I, III, and IV must be dismissed.
Since the parties appear to have entered into a valid contract, quantum meruit does not lie. Therefore, Count II is dismissed. Additionally, nothing in the record indicates that Chase engaged in an unfair or *327 deceptive business practice. Thus, Count V, Rae’s G.L.c. 93A claim, is dismissed.
ORDER
The complaint is DISMISSED and the lis pendens is DISSOLVED.

Pursuant to Mass.R.Civ.P. 10(c), “[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” Where, as here, the plaintiff had notice of these documents and relied on them in framing the complaint, the attachment of such documents to a motion to dismiss does not convert the motion to one for summary judgment. See, e.g., Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), cert denied sub nom. Cortec Indus., Inc. v. Westinghouse Credit Corp., 503 U.S. 960 (1992) (“Where plaintiff has actual notice of all the information in the movant’s papers and has relied upon [it] in framing the complaint the necessity of translating a rule 12(b)(6) motion into one under [Mass.R.Civ.P. 56, 365 Mass. 824 (1974),) is largely dissipated”); In re Computervision Corp. Sec. Litig., 869 F.Sup. 56, 59-60 (D.Mass. 1994) (holding that court could consider prospectus, attached to defendant’s motion to dismiss, without converting it to a motion for summary judgment); Marram v. Kobrick Offshore Fund Ltd., 442 Mass. 43, 45, n.4 (2004).